IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                    **Case No. 99-40072-03-RDR**

SALVADOR MARTINEZ,

        Defendant.

_____

**MEMORANDUM AND ORDER**

The court has conducted a hearing pursuant to 18 U.S.C. § 4241 to determine the mental competency of defendant. The statute requires that if the court finds by a preponderance of the evidence that defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." § 4241(d). A defendant is competent to proceed in a criminal case if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding of the proceedings against him." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (citing Dusky v. United States, 362 U.S. 402 (1960); see also Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). "To make that assessment, the court reviews 'evidence of defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.'" U.S. v. Williams, 113 F.3d 1155, 1159

(10th Cir. 1997) (quoting Drope v. Missouri, 420 U.S. 162, 180 (1975)).  The presence of some degree of mental disorder does not mean by itself that a defendant is incompetent to assist in his own defense.  See U.S. v. Mackovich, 209 F.3d 1227, 1233 (10th Cir. 2000).  Nor are the concerns of counsel alone sufficient "to establish doubt of a defendant's competency."  Allen v. Mullin, 368 F.3d 1220, 1246 (10th Cir. 2004) (quoting Bryson v. Ward, 187 F.3d 1193, 1202 (10th Cir. 1999)).

In this case, defendant has been determined to have a borderline intellectual ability.  His IQ has tested at 80.  The testimony has been that 84 is the low-end of the "normal" or "average" intelligence range.  There has been no diagnosis of mental illness.  There is no evidence of any sudden onset of mental incapacity.  Prior to the charges in this case, defendant worked for approximately 20 years for a corporation in Indiana.  He was a machinist, a job which required a fair degree of technical ability.  There has also been testimony persuasive to a jury and the court that defendant was a leader or organizer of a drug conspiracy involving several people.

Defendant is polite and respectful.  While defendant has been respectful to the court, he has not been shy about making a point to the court.  He speaks well when he addresses the court, as he has done on several occasions.  He also writes relatively clearly in the letters and pleadings he has mailed to the court.  He

understands the judicial process and the roles played by the various people who have been involved in his case.  On occasion he has cited rules, cases and legal concepts while addressing the court.  Defendant obviously disagrees with the result of his trial and earnestly desires a new trial.  He appears to demand that his counsel and the court address his new trial arguments immediately. However, this case has been remanded by the Tenth Circuit for the sole purpose of resentencing, and a motion for new trial is not timely under FED.R.CRIM.P. 33.  This appears to frustrate defendant, and his counsel in turn have seemed frustrated that defendant does not accept this posture in the case.

Defendant has had three attorneys during the progress of the case.  He has been dissatisfied with all of them.  More than once, defendant has declared that he is not "crazy" and that he does not believe he is mentally incompetent.

Defendant testified at length during his trial.  The court is familiar with the transcript of that testimony.

Dr. Albott, the expert witness presented by defendant's counsel, testified that he interviewed and tested defendant for approximately three and one-half hours.  He concluded that defendant has a borderline intellectual capacity, short-term memory problems, and difficulty processing verbal information.  He believes that defendant has a kind of tunnel vision or singular focus that prevents him from considering or understanding the wide

3

range of matters which are important in a criminal case. He suggested that defendant might have problems tracking information from one witness to another, and that it is difficult for defendant to retain an understanding of an issue from one meeting or hearing to the next.

Dr. Gutierrez, the expert witness presented by the government, appeared to spend more time with defendant and to have considered a wider range of tests and materials than Dr. Albott. While he agreed with Dr. Albott's assessment of defendant's intelligence, he firmly disagreed that defendant was incompetent. We believe Dr. Gutierrez's criticisms of Dr. Albott's testimony and conclusions were fair and convincing. The court was particularly impressed that Dr. Albott did not consider defendant's testimony at trial, but implied that it would be difficult for defendant to testify given his problems with memory and processing information.

The court was persuaded by Dr. Gutierrez and the report he submitted to the court, as well as by the court's own observations of defendant, that defendant has a factual and rational understanding of the proceedings in this case, and that he is able and competent to assist properly in his defense.

In conclusion, defendant is competent to proceed in this case.

**IT IS SO ORDERED.** Dated this 23rd day of October, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

4