IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           **Case No. 99-40072-03-RDR**

SALVADOR MARTINEZ,

        Defendant.

## MEMORANDUM AND ORDER

Defendant was convicted by a jury in 2002 of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. The case was transferred to this court for sentencing because of the death of the trial judge. Applying the Sentencing Guidelines which were considered mandatory at the time, the court sentenced defendant to life imprisonment on each count to be served concurrently.

On appeal defendant's convictions were affirmed, but in June 2005 the case was remanded to the court for resentencing in light of the Booker case. Delays have occurred in this case following the remand order because of multiple changes of counsel, competency examinations and competency hearings. Defendant has been determined to be competent, and the case is now on the eve of the final resentencing hearing.

This order is issued to set forth the background of this case

and some of the facts and issues that this court may consider at the time of resentencing.

This case was filed in August 1999 after an arrest occurred pursuant to a traffic stop on May 30, 1999 in Ellis County, Kansas. A car was stopped for a traffic violation and, pursuant to a consent search, 10.2 kilograms of methamphetamine were found hidden inside. David Perry and Barbara Ward were the occupants of the car. Perry and Ward were the original defendants in this case. Eventually, David Perry cooperated with law enforcement and indicated that, upon defendant's directions, he and Barbara Ward were bringing the methamphetamine from California with the intent of delivering it to Indiana.

David Perry entered a guilty plea in March 2000 and agreed to cooperate with investigators in developing evidence against defendant. He wore a device which permitted conversations with defendant to be recorded. Defendant made inculpatory statements directing Perry to collect drug debts and to "blow away" anyone who refused to pay. Defendant learned that Perry was cooperating with law enforcement and information has led some to believe that defendant initiated an unsuccessful effort to kidnap Perry's fiancée and her child. About this time, law enforcement officers found a gun belonging to defendant in a vehicle owned by defendant. Defendant was not in the vehicle, but people in the vehicle were associates of defendant who appeared to be conducting

countersurveillance.

Defendant was first named as a defendant in this case in a superseding indictment filed on November 1, 2000. Defendant made his first appearance in this court on January 9, 2001 and was ordered detained pending trial. He has been detained ever since.

At the trial, David Perry, Jim Kelham and Richard Blake testified that they were involved in a methamphetamine conspiracy with defendant. There was also evidence that Barbara Ward and other unnamed persons were involved in the conspiracy.

At the sentencing hearing, defendant made five objections to the presentence report. The court rejected defendant's objection to the drug quantity used to calculate the offense level under the Guidelines. The court also rejected objections to offense level enhancements for the use of a firearm and for being an organizer or leader of a criminal activity involving five or more participants. The court granted an objection to an offense level enhancement alleging that the offense conduct involved importing methamphetamine from Mexico. The court also did not consider the alleged attempted kidnapping when making the Guidelines calculations.

The court's factual and legal findings under the Guidelines were affirmed on appeal by the Tenth Circuit. With these findings, defendant is in criminal history category I and has an offense level of 44. The Guideline sentencing range is life in prison.

Co-defendant Barbara Ward pleaded guilty to a charge of misprision of a felony.  Upon her motion, she received a downward departure from a different sentencing judge.  Her sentence was five months.

Co-defendant David Perry, who cooperated with the government, was sentenced by a different sentencing judge to a term of 36 months.

Co-conspirator Jim Kelham, who cooperated with the government, was sentenced in federal court in Indiana to a term of 78 months.  He received a Rule 35 motion and spent less than half of his original sentence in prison.

Defendant was born on December 25, 1953.  He is currently 53 years old.  He has already served 6 years in prison in connection with this case.  He has no other criminal convictions.

A 53-year-old male in the United States has a life expectancy of 26 years, according to the National Vital Statistics Reports.

Defendant's employment record includes 20 years as a machinist for a company in Indiana.  This employment ended in 1998.

Defendant has been married since 1978.  He has had four children.  One was killed in 1999 at the age of 19.  His youngest child suffers from numerous health problems.

Studies by the Sentencing Commission indicate that increased age predicts a lower recidivism rate.  So does a Category I criminal history or, even more, zero points for a criminal history.

Prior arrests appear to predict an increased recidivism rate.  See U.S.S.C., "Recidivism and the 'First Offender'" May 2004; U.S.S.C., "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines" May 2004.  Both documents are available at www.ussc.gov/publicat.

The court has received information from the Sentencing Commission that since the <u>Booker</u> decision, 28 defendants guilty of drug offenses with an offense level of 43 or more and a Criminal History Category of I have been sentenced.  Ten of those received a life sentence as advised by the Guidelines.  Eighteen of those received a sentence below the Guideline range of life.

The court is considering a downward variance from the Guideline sentencing range in the above-captioned case on the basis of defendant's age, his criminal history, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  Specifically, the court believes defendant's age and criminal history suggest that a sentence less than life may be sufficient, but not greater than necessary, to accomplish the goals identified in 18 U.S.C. § 3553(a)(2).  In addition to these factors, the court will also consider the arguments made by both sides in their sentencing memoranda.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2007 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge