IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,
 vs.          **Case No. 99-40072-03**
                **09-4078-RDR**
SALVADOR S. MARTINEZ,

    Defendant.

**MEMORANDUM AND ORDER**

I. INTRODUCTION

  This case is before the court upon defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. After a trial, defendant was convicted by a jury of conspiring to possess with the intent to distribute more than 500 grams of methamphetamine and of possession with the intent to distribute more than 500 grams of methamphetamine. Evidence was presented that defendant supplied methamphetamine in Indiana to a coworker named Jim Kelham. Kelham introduced defendant to a man named David Perry who had distributed methamphetamine for Kelham. Eventually, Perry received methamphetamine directly from defendant. Perry and a woman named Barbara Ward flew to Los Angeles with the aid and instructions of defendant to arrange for the transportation of methamphetamine from Los Angeles to Indiana. Perry and Ward drove a car from Los Angeles and were stopped in Kansas for a traffic violation. Approximately 25 pounds of methamphetamine were found in the car after Perry and Ward consented to a search. Perry and Ward were charged in this

case.  Perry gave information to the government, which caused the government to add defendant Martinez to a superseding indictment. Perry and Kelham testified against defendant during the trial, which was conducted by U.S. District Judge Dale Saffels, now deceased.  Defendant was sentenced by the undersigned judge.

On direct appeal, defendant raised three evidentiary issues relevant to the trial.  Defendant alleged that the trial court admitted improper vouching testimony from a police officer and another coconspirator relative to the credibility of David Perry. Second, defendant asserted that the trial court improperly admitted hearsay testimony that defendant had threatened and attempted to kidnap David Perry's fiancée and daughter.  Third, defendant claimed that the trial court erroneously admitted hearsay testimony that the vehicle used by Perry and Ward during the trip from Los Angeles was previously owned by defendant and had been conveyed by him to a woman who was deceased.

The Tenth Circuit rejected these arguments stating:  "None of these matters was objected to by trial counsel, and, when viewed in context, none constitute error, let alone plain error."  U.S. v. Martinez, 97 Fed.Appx. 869, 871, 2004 WL 1080217 (10th Cir. 2004).

II.  STANDARDS

Under § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

> States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the rules governing § 2255 motions:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; United States v. Galloway, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).  To be entitled to an evidentiary hearing, the defendant must allege facts which, if proven, would entitle him to relief.  See Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996).  An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999), quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995); see also U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments); Hatch, 58 F.3d 1471 ("the allegations must be specific

and particularized, not general or conclusory"). Issues which have been decided on direct appeal will not be considered in a § 2255 motion unless there has been an intervening change in the law. U.S. v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

III. DEFENDANT'S ARGUMENTS

    A. Closing argument

Defendant's first claim in the instant motion is that the prosecutor improperly stated in his closing argument that defendant attempted to kidnap defendant's fiancée and her daughter, and that he untruthfully asserted that defendant placed the title in the car driven by Perry and Ward from Los Angeles in the name of a dead woman. We reject this claim. The Tenth Circuit on direct appeal has held that evidence supporting these arguments was properly admitted by the court. If the evidence was properly admitted, then there was no error in allowing the prosecutor to refer to the evidence in closing argument. See Whittenburg v. Werner Enterprises Inc., 561 F.3d 1122, 1128-29 (10th Cir. 2009) (the cardinal rule of closing argument is that counsel must confine comments to evidence in the record and to reasonable inferences from that evidence); U.S. v. Glover, 558 F.3d 71, 77 (1st Cir. 2009) (the government in closing argument is permitted to discuss competing inferences from the evidence in the record).

    2. "Insufficiency of evidence"

Below this heading in defendant's memorandum (Doc. No. 430 at

4

p. 12) he contends that the prosecution relied upon "lies," hearsay and opinion statements and that the court failed to follow the evidentiary rules for permitting statements of coconspirators of a party during the course and in furtherance of a conspiracy.

The court rejects the arguments in this portion of defendant's memorandum for the following reasons.  First, defendant makes only conclusory allegations of perjured testimony.  As noted earlier, such claims are not sufficient to merit relief under § 2255.  See also, Early v. United States, 309 F.Supp. 421, 423 (D.Kan. 1969).  Second, defendant does not allege or suggest that he can prove the prosecution knew of the alleged perjury at the time of trial.  This is required for relief in a collateral proceeding.  See Smith v. Roberts, 115 F.3d 818, 820 (10th Cir. 1997); McBride v. United States, 446 F.2d 229, 232 (10th Cir. 1971) cert. denied, 405 U.S. 977 (1972); Wild v. Oklahoma, 187 F.2d 409, 410 (10th Cir. 1951).

Finally, while a James hearing prior to the introduction of coconspirator statements is the preferred procedure in the Tenth Circuit, it is not essential.  The Tenth Circuit recently commented in U.S. v. Aquilera-Meza, 2009 WL 1448939 (10th Cir. 2009):

> [W]hile we have reiterated "our strong preference" for James hearings when the prosecution relies on co-conspirator statements, a James hearing is not required. United States v. Gonzalez-Montoya, 161 F.3d 643, 648-49 (10th Cir. 1998).  In the alternative to holding a James hearing, a district court may properly admit a co-conspirator statement "by provisionally admitting the statement with the caveat that the party offering it must prove the existence of the predicate conspiracy through trial testimony or other evidence." Id. at 649 (internal

quotations and alterations omitted); Townley, 472 F.3d at 1273 (identifying both alternatives). The trial court retains some discretion in choosing between these alternatives. United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994).

The trial judge in this case did not conduct a James hearing, but he did make a specific finding supporting the admission of coconspirator statements:

> In relation to the Court's prior ruling regarding the alleged hearsay statements of alleged coconspirators and admitted pursuant to Federal Rule of Evidence 801(d)(2)(E), the Court admitted said statements in anticipation of independent evidence establishing the conspiracy. The Court now finds that by a preponderance of the evidence based upon the admitted hearsay statements and independent corroborating evidence that one, a conspiracy existed; two, the declarant and the defendant against whom the declarations were offered were members of the conspiracy; three, the statements were made in the course of and in the furtherance of the conspiracy.

Doc. No. 266, Vol. III of trial transcript, pp. 311-21. We believe this finding satisfied the requirements of the law. The testimony of David Perry provided direct evidence of a conspiracy and a solid, independent basis for the admission of any coconspirator statements. It should be noted, in addition, that defendant does not identify any coconspirator statements which caused undue prejudice to his case.

   C.   Limiting Instructions

Defendant claims that the trial court failed to give a proper limiting instruction to the jury regarding the evaluation of coconspirator statements. The trial court gave the following

6

instruction:

> You may consider acts knowingly done and statements knowingly made by a defendant's coconspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant even though the acts and statements may have been done or made in the absence of and without the knowledge of the defendant. Acts done or statements made that are not in furtherance of the conspiracy or that are before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against the defendant.

Doc. No. 211, Instruction No. 13. This is a proper and adequate limiting instruction.

### D. Hearsay and irrelevant testimony

Defendant's next claim (Doc. No. 430 at pp. 19-27) is that the trial court erroneously permitted hearsay and irrelevant testimony to be admitted regarding alleged efforts by defendant to kidnap David Perry's fiancée and her daughter. This argument was rejected by the Tenth Circuit on direct appeal. It cannot be raised a second time.

### E. Hearsay and opinion testimony

Defendant's following argument (Doc. No. 430 at pp. 28-29) is also a repeat of a claim made on direct appeal. Defendant contends that the trial court improperly admitted evidence that the car driven by Perry and Ward when they were arrested had once been owned by defendant and was registered to a dead women at the time of their arrest. This argument was raised and rejected on direct appeal and may not be raised a second time in this collateral

proceeding.

   F.   Ineffective assistance of counsel

Finally, defendant asserts that his trial counsel afforded him ineffective assistance of counsel because he neglected to file the following pretrial motions: motion for disclosure of material witnesses; motion for disclosure of grand jury transcripts; motion to compel disclosure of the existence and substance of promises of immunity, leniency or preferred treatment; motion for an evidentiary hearing; motion to exclude evidence; motion for a hearing to determine the existence of a conspiracy; motion to suppress evidence; and a motion requesting appointment of a voice identification expert at trial. Defendant also contends that his trial counsel did not conduct any investigation of the case and engaged in fishing expeditions when he cross-examined government witnesses.

Defendant's allegations in this area are merely conclusory in nature. They fail to describe why a reasonable attorney would file the pretrial motions or how a reasonable attorney would have engaged in further investigation. They also fail to explain how a different result would have been reached if defendant's attorney had filed the motions, investigated more thoroughly or cross-examined witnesses with greater care. They are plainly insufficient to support a viable claim for ineffective assistance of counsel.

IV. CONCLUSION

For the above-stated reasons, the court shall dismiss defendant's motion for relief under § 2255.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2009 at Topeka, Kansas.

>                              s/Richard D. Rogers
>                              United States District Judge