IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>SALVADOR MARTINEZ,<br><br>                  Defendant. | Case No. 99-CR-40072-03-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Salvador Martinez's Motion to Reduce Sentence (Doc. 446). The court treats Mr. Martinez's motion as one made under 28 U.S.C. § 2255 asking to vacate, set aside, or correct his sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (explaining that a motion attacking the validity of a judgment and sentence is a motion seeking relief under § 2255). The government opposes Mr. Martinez's motion. Doc. 449. The government argues that the court lacks jurisdiction to decide the motion because it is a successive § 2255 motion. The government also asks the court to refrain from transferring the motion to the Tenth Circuit so that Mr. Martinez can obtain the required authorization to file a successive § 2255 motion because, the government asserts, doing so is not in the interest of justice. For reasons explained below, the court agrees with the government. This Order denies Mr. Martinez's motion and declines to transfer it to the Tenth Circuit.

    **I.    Factual Background**

On April 1, 2002, a jury convicted Mr. Martinez on two drug charges: (1) conspiracy to possess with intent to distribute 500 grams or more of a controlled substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and (2) possession with

intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  *See* Doc. 212; *see also* Presentence Investigation Report ["PSR"] ¶ 6.

Before Mr. Martinez's sentencing, the United States Probation Office prepared a PSR using the November 1, 2001 edition of the United States Sentencing Commission Guidelines Manual (" U.S.S.G." or "Guidelines").  PSR ¶ 33.  The PSR calculated that Mr. Martinez's offense involved at least 76.79 kilograms of methamphetamine.  *Id.* ¶ 34.  This quantity produced a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1).  *Id.*  The PSR applied several enhancements to the base offense level:  a two-level enhancement because Mr. Martinez possessed a dangerous weapon; a two-level enhancement because Mr. Martinez's offense involved the importation of methamphetamine from Mexico; and a four-level enhancement because Mr. Martinez was an organizer or leader of criminal activity involving five or more participants.  *Id.* ¶¶ 35, 36, 38.  The PSR calculated a total offense level of 46 and assigned Mr. Martinez a criminal history category of I.  *Id.* ¶¶ 44, 49.  Based on Mr. Martinez's total offense level and criminal history category, the Guidelines imposed a sentencing range of imprisonment for life on both counts of conviction.  *Id.* ¶ 80.

On December 17, 2002, the court sentenced Mr. Martinez to concurrent terms of life imprisonment on both counts of conviction.  Doc. 298 at 1–2.  To reach this decision, the court accepted the PSR's calculation of the total base offense level as 38 and applied the two-level enhancement for Mr. Martinez's possession of a dangerous weapon and the four-level enhancement for Mr. Martinez acting as an organizer or leader of a criminal conspiracy involving five or more persons.  But the court declined to apply the two-level enhancement for an offense involving importation of methamphetamine from Mexico because the evidence was

insufficient to support that finding.  The court thus calculated the total offense level at 44, but the Guideline range remained life imprisonment.

On June 21, 2005, the Tenth Circuit reversed Mr. Martinez's sentence because, about two years after his sentencing, the Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that the Guidelines are not mandatory but instead are advisory requirements for courts to consider at sentencing.  *See* Doc. 330.  The Tenth Circuit remanded Mr. Martinez's case to our court for resentencing consistent with *Booker*.  *Id.*

On February 26, 2007, Judge Rogers resentenced Mr. Martinez.  At the resentencing hearing, the court announced that it would maintain its previous rulings on the original objections to the PSR.  But, after considering the 18 U.S.C. § 3553(a) factors, the court applied a downward variance from the Guideline range of life to 20 years' imprisonment.  The court thus sentenced Mr. Martinez to concurrent terms of 20 years' imprisonment on both counts.  Doc. 405 at 1–2.  The court also imposed a concurrent five-year term of supervised release on both counts.  *Id.* at 3.  Mr. Martinez appealed this sentence (doc. 406), and the Tenth Circuit affirmed the sentence on January 3, 2008.  Doc. 426-1.  Mr. Martinez filed a petition for writ of certiorari.  Doc. 427.  The Supreme Court denied the petition.  Doc. 428.

On May 22, 2009, Mr. Martinez filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Doc. 429.  The court denied Mr. Martinez's motion on the merits on June 5, 2009.  Doc. 432.  Mr. Martinez appealed this Order, and the Tenth Circuit affirmed the decision to deny the § 2255 motion on March 3, 2010.  Doc. 439.

On September 28, 2015, Mr. Martinez filed a Motion to Reduce Sentence based on Amendment 782 to the Guidelines.  Doc. 444.  On October 7, 2015, the court denied the motion because Mr. Martinez was not eligible for relief under Amendment 782.  Doc. 445.

3

Mr. Martinez, proceeding pro se,[1] filed the motion at issue here on June 9, 2016. Doc. 446. He describes his motion as one seeking reduction or modification of his sentence. *Id.* at 1. Mr. Martinez's motion raises three bases for relief. First, he asks the court to consider reducing his term of supervised release from five years to one year. Second, he asks the court to credit time that he has spent in custody, that he contends, "the BOP cannot, or has not, or will not, credit to [his] sentence of confinement." *Id.* at 2. Third, he argues that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), requires the court to reconsider his sentence. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is invalid because it is unconstitutionally vague. *Id.* at 2557. The court considers plaintiff's motion below.

## II.   Legal Standard

A court must construe a federal prisoner's post-judgment pleading as a successive § 2255 motion if it "seeks relief from the conviction or sentence," even when it asserts a "new ground for relief." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1149 (citations omitted); *see also United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) ("Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.").

A prisoner may not file a second or successive § 2255 motion unless he first seeks and procures an order from the appropriate court of appeals authorizing the district court to consider

---

[1]   Because Mr. Martinez files his motion pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the motion.  Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9; *see also Nelson*, 465 F.3d at 1148.  A district court does not have jurisdiction to decide the merits of a federal prisoner's second or successive § 2255 motion unless and until the circuit court grants the required authorization.  *Nelson*, 465 F.3d at 1148.  But, as the Tenth Circuit has explained, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631."  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).  Alternatively, the court "may dismiss the motion or petition for lack of jurisdiction."  *Id.*

### III.  Analysis

The government asserts that the court lacks jurisdiction to decide Mr. Martinez's motion because it is a successive motion under § 2255.  The court agrees.  Although Mr. Martinez has styled his motion as one seeking a modification or reduction in sentence, the motion seeks relief from his federal sentence.  It thus constitutes a motion under § 2255.  *See Nelson*, 465 F.3d at 1147, 1149 (explaining that a motion is a § 2255 motion if it seeks relief from a conviction or sentence even if the prisoner does not invoke § 2255 in the pleading).  For this reason, the court construes Mr. Martinez's motion as one seeking relief under § 2255.

Mr. Martinez previously filed a § 2255 motion to vacate his sentence.  Doc. 429.  The court denied this motion, and the Tenth Circuit affirmed this decision.  Docs. 432, 439.  The pending motion is a second or successive § 2255 motion.  And, Mr. Martinez did not procure the required authorization from the Tenth Circuit to file such a motion.  The court thus lacks jurisdiction to decide the motion.  *See In re Cline*, 531 F.3d at 1251.

The court now must decide whether to dismiss the case or transfer it to the Tenth Circuit under 28 U.S.C. § 1631, so that the Circuit can decide whether to grant Mr. Martinez the required authorization to file a successive § 2255 motion. *Id.* at 1252. Section 1631 provides that, if a district court lacks jurisdiction over an action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought." 28 U.S.C. § 1631. "Although . . . § 1631 contain[s] the word 'shall,' [the Tenth Circuit has] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *In re Cline*, 531 F.3d at 1251 (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006)). A court should consider the following factors when deciding whether a transfer is in the interest of justice: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (citing *Trujillo*, 465 F.3d at 1223 n.16).

The court concludes that the second factor is dispositive here. None of the three grounds for relief that Mr. Martinez asserts in his motion are likely to supply a reason for the Tenth Circuit to grant him authorization to file a successive motion under § 2255. Thus, his claims are not likely meritorious. And, so, a transfer is not in the interest of justice. The court reaches this conclusion for three principal reasons.

First, Mr. Martinez's request for the court to modify his term of supervised release from five years to one year is not a ground upon which the Tenth Circuit could grant authorization to file a successive § 2255 motion. Section 2255(h) provides that a court of appeals must certify a second or successive § 2255 motion under 28 U.S.C. § 2244 if the motion contains either:

6

(1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Mr. Martinez's arguments for a shorter term of supervised release neither rest on newly discovered evidence nor a change in the law sufficient for the Circuit to certify his motion under 28 U.S.C. § 2244. The court thus concludes that the Tenth Circuit is not likely to grant Mr. Martinez authorization to file a successive § 2255 motion on this first ground.

Second, Mr. Martinez's request that the court credit time that he has served in custody also is not an appropriate basis for obtaining authorization to file a successive § 2255 motion. This request does not rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Mr. Martinez thus is unlikely to prevail in obtaining authorization from the Tenth Circuit to file a successive § 2255 motion on this ground.[2]

Finally, Mr. Martinez's third ground for relief lacks merit because the Supreme Court's *Johnson* decision does not apply to his sentence. As noted above, *Johnson* held that the ACCA's residual clause is unconstitutionally vague. The Tenth Circuit has extended *Johnson*'s reasoning to the Guidelines' use of similar language. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) ("[I]t stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the

---

[2] To the extent that this ground attacks the execution of his sentence and not its validity under § 2255, Mr. Martinez still is not likely to prevail on the merits of this claim. Mr. Martinez does not assert that he has served time for which he has not received credit. Instead, he only asks the court to "review" the matter. Doc. 446 at 2. Mr. Martinez's motion thus fails to provide any basis for relief.

ACCA."). But, *Johnson*'s holding is irrelevant here because Mr. Martinez was never sentenced under the ACCA. Also, to determine Mr. Martinez's sentence, the court never applied any Guideline provision using language like that invalidated in *Johnson*.

Although Mr. Martinez asserts, correctly, that the court applied a two-level gun enhancement to his sentence (Doc. 446 at 2), this enhancement does not implicate *Johnson*'s holding. The two-level enhancement was imposed under U.S.S.G. § 2D1.1(b)(1). *See* PSR ¶ 35 (citing U.S.S.G. § 2D1.1 as the basis for the two-level enhancement). This provision does not use any language similar to the ACCA's residual clause that *Johnson* invalidated. Consequently, Mr. Martinez's sentence did not rely on unconstitutional language.

Mr. Martinez's final basis for seeking relief under § 2255 does not rely on a change in the law sufficient for the Circuit to certify his motion under 28 U.S.C. § 2244. It also does not involve newly discovered evidence. So, the Circuit is unlikely to grant Mr. Martinez the required authorization to file a successive § 2255 motion based on this third ground.

Because Mr. Martinez is not likely to prevail on the merits of any ground asserted in his § 2255 motion, the court concludes that transferring the motion to the Tenth Circuit would not serve the interest of justice. The court also declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (explaining that, to obtain a certificate of appealability, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (citation and internal quotation marks omitted)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Salvador Martinez's Motion to Reduce Sentence (Doc. 446) is denied.

**IT IS FURTHER ORDERED** that Mr. Martinez's motion shall not be transferred to the Tenth Circuit to consider issuing a certificate under 28 U.S.C. § 2244 because doing so would not serve the interest of justice.  The court also declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**Dated this 19th day of December 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree\_\_\_\_\_**
**Daniel D. Crabtree**
**United States District Judge**
